IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STATE OF WISCONSIN ONEIDA COUNTY
CHILD SUPPORT AGENCY,

                          Plaintiff,                       OPINION and ORDER

    v.

                                                      24-cv-278-wmc

ORION A. LOGALBO,

                          Defendant.

---

Defendant Orion Logalbo seeks to remove this civil case from the Circuit Court of Oneida County. The dispute arises out of the Oneida County Child Support Agency's efforts to collect nearly $16,000 in overdue child support payments. (Dkt. #1-2, at 1.) Logalbo contends that federal jurisdiction is proper pursuant to three statutes or treaties: the Foreign Sovereign Immunities Act, 28 U.S.C. § 1604; the Hague Convention; and the diversity jurisdiction statute, 28 U.S.C. § 1332. He also argues that federal jurisdiction is proper under 28 U.S.C. § 1331 because he is an "American Citizen, which is distinguished from a 14th [A]mendment native or naturalized citizen, and therefore is not subject to the jurisdiction of [C]ongress." (Dkt. #1, at 1.) Notwithstanding Logalbo's arguments, the court lacks jurisdiction over this domestic dispute and must remand it back to state court.

OPINION

Federal courts cannot adjudicate claims concerning the imposition and collection of child support obligations falling within the area of family or domestic relations, which is governed by state law. *See Rose v. Rose*, 481 U.S. 619, 625 (1987) (quoting *In re Burrus*,

136 U.S. 586, 593-94 (1890)) ("The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States."); *Moore v. Sims*, 442 U.S. 415, 435 (1979) ("Family relations are a traditional area of state concern."); *De Sylva v. Ballentine*, 351 U.S. 570, 580 (1956) ("[T]here is no federal law of domestic relations, which is primarily a matter of state concern.").

Similarly, unless a substantial federal question "transcends or exists apart from" a dispute involving family law or domestic relations, federal courts typically must decline jurisdiction even when divorce, alimony, or child custody is not strictly at issue. *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 13 (2004) (abrogated on other grounds by *Lexmark Int'l Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014)). Despite defendant's efforts to make this case about international treaty rights or foreign sovereign immunity, he does not allege facts suggesting the plausible existence of a substantial federal question separate from his obligation to make child support payments. On the contrary, his claims, such as they are, (1) arise directly out of child support obligations, and (2) involve no federal question.

Finally, defendant's arguments are akin to those of so-called "sovereign citizens," which have been rejected repeatedly by courts as frivolous and a waste of court resources. *E.g., McCauley-Bey v. Meuris*, No. 21-2149, 2022 WL 1055560 (7th Cir. April 8, 2022) (rejecting plaintiff's argument that he was outside the laws or authority of Illinois); *Bey v. State*, 847 F.3d 559, 561 (7th Cir. 2017) (suit to enjoin state and county officials from taxing real estate based on plaintiff's alleged Moorish origin was frivolous); *United States v.*

*Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (stating that sovereign citizen-type theories should be "rejected summarily" because "[r]egardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts.")

Because the defendant fails to show that federal jurisdiction exists or that removal was proper, the court will remand this case to the Circuit Court for Oneida County.

## ORDER

The clerk of court is directed to REMAND this case to the Circuit Court for Oneida County.

Entered this 10th day of June, 2024.

                              BY THE COURT:

                              /s/

                              _____

                              WILLIAM M. CONLEY
                              District Judge