IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STATE OF WISCONSIN ONEIDA COUNTY
CHILD SUPPORT AGENCY,

                         Plaintiff,                        ORDER

    v.

                                                  24-cv-278-wmc

ORION A. LOGALBO,

                        Defendant.

---

      Defendant Orion Logalbo seeks reconsideration of the court's order remanding his civil case to the Circuit Court of Oneida County for lack of subject matter jurisdiction. (Dkt. #5.)  Briefly, Logalbo provides two substantive arguments.  First, he contends that Section 460 of the Social Security Act, 42 U.S.C. § 660, provides this court with jurisdiction over disputes involving the enforcement of child support payments.  Second, he argues that this matter involves a Uniform Interstate Family Support Act petition, which implicates the Hague Convention.  However, neither contention has merit since as already explained, this court cannot become involved in child support disputes because those disputes are "one of the matters *most clearly allocated* to the state courts in our federal system," Hague Convention implications or not.  *Puchner v. Kruziki*, 111 F.3d 541, 542 (7th Cir. 1997) (emphasis added), *cert. denied*, 555 U.S. 862 (1997).

      The remainder of Logalbo's motion challenges in general terms the court's comparison of his arguments to those of "so-called 'sovereign citizens[.]'"  (Dkt. #3, at 2.) As also previously explained, Logalbo's argument is difficult to follow, and he quotes a wide range of inapposite cases for the proposition that "the People are in fact, sovereign."

(Dkt. #5, at 2 (citing *Buckley v. Valeo*, 424 U.S. 1 (1976); *United States v. Automobile Workers*, 352 U.S. 567 (1957); *Citizens United v. FEC*, 558 U.S. 310, 357 (2010); *Dred Scott v. Sandford*, 60 U.S. 393 (1857) (enslaved party), *superseded by constitutional amendment*, U.S. CONST. amend. XIV).) Logalbo also claims -- without any grounds -- that the court has referred to him as a "domestic terrorist" and suggests that the undersigned should "face impeachment proceedings, brought by the People." (Dkt. #5, at 2.) In either case, however, Logalbo does not identify *any* manifest error of law or fact in the court's conclusion that he has failed to establish the existence of federal subject matter jurisdiction in his case, and as this court's federal jurisdiction is limited, his remedy, if any, must be found in state court.

Accordingly, his motion for reconsideration (dkt. #5) is DENIED.

Entered this 3rd day of July, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge